UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES LEE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:12-cv-451-JMS-DML |
| ) | |
| DUSHAN ZATECKY,[1] ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of James Lee for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Lee was convicted in 2008 after trial by jury in Marion County of robbery, carrying a handgun without a license and unlawful possession of a firearm by a serious violent felon. He was thereafter sentenced to a term of 34 years.

Lee's conviction was affirmed on appeal in *Lee v. State*, 49A05-0808-CR-494 (Ind.Ct. App. 2009)(unpublished)(*Lee I*). Lee's petition for transfer was denied on June 16, 2009. The trial court's denial of Lee's petition for post-conviction relief was affirmed on appeal in *Lee v. State*, 49A04-1103-PC-152 (Ind.Ct.App. Oct. 19, 2011) (unpublished)(*Lee II*). Lee's petition for transfer was denied on December 15, 2011. The filing of Lee's petition for writ of habeas corpus followed.

---

[1] The petitioner's custodian, named in his official capacity only, is **substituted** as the respondent in this action.

Lee argued in his direct appeal that the trial court: 1) abused its discretion by issuing an improper jury instruction; 2) abused its discretion by improperly sentencing Lee; and 3) erred when it overruled Lee's objection to a jury question asking for a police officer's opinion. Lee argued in *Lee II* that his trial counsel had rendered ineffective assistance in failing to: 1) object to evidence identifying him as the robber; and 2) properly impeach the victim.

In his habeas petition, Lee asserts the following claims: (1) the trial court erred in issuing erroneous jury instructions; (2) there was a Rule 704(b) violation; (3) he was improperly sentenced; (4) he was denied the effective assistance of counsel at the show-up identification; (5) his trial counsel was ineffective by not challenging the admissibility of Lori May's out of court identification of Lee; and (6) his trial counsel was ineffective for not trying to impeach May with prior inconsistent statements.

## II. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 28 U.S.C. § 2241(c)(3), *et seq.,* govern this case because Lee filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza,* 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520 (2003) (quoting *Williams,* 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.,* 539 U.S. at 520–21 (citations omitted); *see also Williams,* 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh,* 521 U.S. at 333, n.7; *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770,

786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington,* 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases--indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002); *see also Mitchell,* 540 U.S. at 16.

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated

the claim on the merits. *Id.*

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir. 1998). A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

In addition to the substantive standard reviewed above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.

*Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)(internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural

default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*).

### III. Discussion

In his habeas petition, Lee asserts the following claims: (1) the trial court erred in issuing erroneous jury instructions; (2) there was a Rule 704(b) violation; (3) he was improperly sentenced; (4) he was denied the effective assistance of counsel at the show-up identification; (5) his trial counsel was ineffective by not challenging the admissibility of May's out of court identification of Lee; and (6) his trial counsel was ineffective for not trying to impeach May with prior statements.

*Jury Instructions, Rule 704(b) violation and Sentencing.* Lee claims in his petition that the trial court erred in issuing erroneous jury instructions, there was a Rule 704(b) violation and he was improperly sentenced.

The respondent argues that these challenges in Lee's direct appeal presented solely a question of Indiana law. If so, the claims are not cognizable here. *Wilson v. Corcoran*, 131 S. Ct.

13, 16 (2010)("But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (some internal citations and quotations omitted). Lee does not contend otherwise.

In Lee's habeas petition, Lee makes the bare assertion that he seeks relief pursuant to AEDPA due to "erroneous jury instructions." In his direct appeal, Lee argued that the word "should" was improper in violation of the prohibition against mandatory instructions in an instruction that the jury should find Lee guilty if the State proved all elements of the offenses beyond a reasonable doubt. *Lee I*, at 4. Improper jury instructions in state criminal trials rarely justify federal habeas relief. *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). In examining such a claim, the "inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude." *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir. 2002) (quoting *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir. 1986), *cert. denied,* 107 S. Ct. 1901 (1987)). This, in turn, requires the petitioner to prove that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Galvan*, 293 F.3d at 764-65 (quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973)).

Even if there was a federal basis for this claim and even if it had been presented to the Indiana courts, moreover, Lee would not be entitled to relief. On the merits, the Indiana Court of

Appeals rejected this argument, explaining:

> Preliminary Instructions Eight Through Eleven instructed the jury as to the material allegations that the State had to prove beyond a reasonable doubt. Appellant's App. p. 51-55. In addition, Preliminary Instruction Three provided that "[u]nder the Constitution of Indiana the jury has the right to determine both the law and the facts." *Id.* at 45. Similarly, Final Instruction Eight provided that "[y]our verdict should be based on the law and the facts as you find them. It should not be based on sympathy or bias." *Id.* at 72. Thus, the jury was instructed as to both the material allegations that the State needed to prove and that it determines the law and facts, and consequently, the use of the word "should" was not an abuse of discretion.

*Lee I* at 6.

Through the above, the Indiana Court of Appeals recognized the proper standard. And through the following, the Indiana Court of Appeals reasonably applied the proper standard: "The jury herein was instructed in both the preliminary and final instructions that it was charged with determining the facts and the law." *Id.* at 7.

As to Lee's second claim, federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's ruling in this case was not of this nature, and hence this claim does not support the award of federal habeas relief. Furthermore, the Indiana Court of Appeals explained, as to Lee's claim under Indiana Evidence Rule 704(b), that at trial Lee's objection was under Indiana Evidence Rule 701(b) and therefore, Lee waived the issue. *Lee I* at 7-8. This waiver constitutes procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002). In turn, this

finding of procedural default limits the availability of federal relief. See *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Here, Lee does not overcome the procedural hurdle in the finding of waiver, and therefore, he is not entitled to relief on this claim.

As to Lee's claim that he was improperly sentenced, the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Lee is not entitled to habeas corpus relief based on this claim.

*Ineffective assistance of counsel*. Lee raises three claims of ineffective assistance of counsel. His first claim is that he was denied the effective assistance of counsel at the show-up identification.

Lee procedurally defaulted his first claim that he was denied the effective assistance of counsel at the show-up identification by not raising it in the Indiana appellate courts. Lee asserts in his reply that he did not procedurally default this claim because he presented it at post-conviction in his findings of fact and conclusions of law. However, Lee did not present this claim to the Indiana Court of Appeals or the Indiana Supreme Court.

Lee also asserts that he established cause and prejudice through the deficient performance of counsel to overcome any procedural default and that a failure to review this claim would result in a fundamental miscarriage of justice. As to the former, although it is true that ineffective assistance of counsel rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because as just noted it has not been independently and fully presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir.

1995). As to the latter, Lee offers no evidence of his actual innocence here, and the Court discerns no basis on which such an argument could be asserted.

Lee's remaining ineffective assistance claims are that his trial counsel was ineffective by not challenging the admissibility of May's out of court identification of Lee and by not trying to impeach May with prior statements. The Sixth Amendment guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

> Under *Strickland,* [a defendant] must prove two elements: (1) that his trial counsel's performance fell below "an objective standard of reasonableness," *id.* at 688, 104 S. Ct. 2052; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694, 104 S. Ct. 2052. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S. Ct. 2052. For the second element, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S. Ct. 2052.

*Daniels v. Knight,* 476 F.3d 426, 433-34 (7th Cir. 2007).

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of a case such as Lee presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id.* When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The Indiana Court of Appeals noted the *Strickland* standard. *Lee II* at 13. The Indiana Court of Appeals examined the circumstances associated with each of Lee's specifications of ineffective assistance of counsel and reached the following conclusions:

First, Lee claims that his counsel was ineffective by not objecting to or moving to suppress May's in-court identification of Lee or challenging the admissibility of May's out of court identification of Lee. As to the pre-trial identification, the Indiana Court of Appeals noted that Lee's arguments amounted to a request to reweigh the evidence and identification inconsistencies affect witness credibility not identification admissibility. *Lee II*, at 15. In addition, the Indiana Court of Appeals agreed with the post-conviction court's determination that the show-up identification was not unduly suggestive because:

> it was the *witness* who saw the perpetrator and who contacted police to tell them that she had seen the man who robbed her. She did not first view him standing handcuffed in a group of police officers. Rather, she saw him standing freely on a street corner in a group of people and immediately recognized him. The police have not engaged in any unduly suggestive procedures when a witness calls them to say that she has just seen a man on the street that she recognizes as the man who robbed her and the police then apprehend that person. When the police brought May to view [Lee] after he was apprehended, they were simply making sure that the man they had caught was the man May had seen and called them about only minutes earlier.

*Lee II*, at 16 (quoting Appellee's Brief at 10-11). The Indiana Court of Appeals concluded that, "Lee failed to establish that either the pre-trial or the in-court identification evidence was

inadmissible, and thus he has failed to establish that trial counsel was ineffective in failing to object to that evidence." *Id*. at 17.

Second, trial counsel was not ineffective in not impeaching May with prior statements because the different descriptions were synonyms for the description of the robber's facial hair, and accordingly, "trial counsel was not ineffective in failing to 'impeach' May with her usage of synonyms to describe the robber's facial hair." *Id.* Furthermore, the Indiana Court of Appeals concluded that Lee's challenge to counsel's failure to impeach May with the use of the probable cause affidavit must fail because it was prepared by a third party. *Id.* at 18. In addition, "May had ample opportunity to observe her assailant at close range during the robbery, and Lee has failed to establish that there is a reasonable probability that the result of the trial would have been different if trial counsel had impeached May with the probable cause affidavit." *Id.* at 19.

The foregoing constituted a reasonable application of *Strickland* to the circumstances of the case, and is wholly in accord with the principle that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear errorBand no error at all--occurred in *Lee II,* Lee is not entitled to federal habeas relief based on these specifications of ineffective assistance of counsel.

## IV. Conclusion

This Court has carefully reviewed the state record in light of Lee's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error

correction through appeal." *See Harrington*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Lee's habeas petition does not present such a situation and that petition [1] is therefore **denied.** In light of the disposition of this action, Lee's request for ancillary relief is **denied**. Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Lee has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/30/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

James Lee
DOC # 932536
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically registered counsel